IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

MICHAEL KOSTOFF,

    Petitioner,

v.

CASE NO. 05-5715

FLEET SECURITIES, INC.
now known as (n/k/a)
ADP CLEARING & OUTSOURCING
SERVICES, INC.,

    Respondent.
_____/

DIVISION F

## PETITION FOR CONFIRMATION OF ARBITRATION AWARD AND REQUEST FOR ATTORNEY FEES AND COSTS

PETITIONER, MICHAEL KOSTOFF, hereby files this Petition seeking confirmation of an arbitration award and requests an award of attorneys fees and costs from Respondent FLEET SECURITIES, INC. now known as ADP CLEARING & OUTSOURCING SERVICES, INC. (hereinafter, "Respondent" or "Fleet"), and in support states:

1. This is a petition for confirmation of an arbitration award and a request for an award of Petitioner's reasonable attorney fees, costs and expenses, pursuant to § 517.211(6), Fla. Stat. and the Florida Arbitration Code, §§ 682.11, 682.12, 682.14, and 682.15, Fla. Stats.

2. Petitioner's securities arbitration action against Respondent was heard in Orlando, Florida pursuant to the National Association of Securities Dealers (the "NASD") Dispute Resolution Arbitration Rules (the "NASD Arbitration Proceeding").

3. Throughout the course of the filing and prosecution of this arbitration in Florida, Petitioner Michael Kostoff was a Florida resident.



EXHIBIT
COMPOSITE
A



4.      At all times relevant to this proceeding Fleet was a foreign corporation registered to do business in the State of Florida and did in fact transact substantial business with Florida businesses and citizens by acting as a securities clearing firm for clients throughout the nation, including in the State of Florida.

5.      This Court has jurisdiction over the Respondent and venue is proper in this Court pursuant to Sections 682.18 and 682.19, Florida Statutes because the NASD Arbitration was held in this state, applied this state's laws and, upon information and belief, Respondent does not reside nor have a place of business in any county within this state, making any county within the state a proper venue.

6.      The NASD arbitrators rendered NASD Award 04-04259 ("NASD Award"), in favor of Petitioner, on or about June 27, 2005, a copy of which was forwarded to Petitioner's counsel which is attached hereto as Exhibit A and incorporated by reference.

7.      Pursuant to § 517.211(6), Fla. Stat., the "*court shall award* reasonable attorney's fees to the *prevailing party*" under any action brought under Fla. Stat. Section 517.301. (emphasis added).

8.      Petitioner was the prevailing party in the NASD Arbitration, having been awarded $114,375.10 plus prejudgment interest of approximately $36,361.88 (which continues to accrue at the statutory rate of interest of 7%) in compensatory damages and $343,125.30 in punitive damages from Respondent Fleet Securities, Inc.

9.      Further, the NASD award stated that Petitioner is entitled to attorneys' fees pursuant to § 517.211(6), Fla. Stat. with the amount of such attorneys' fees to be determined by a court of competent jurisdiction.

2

10. In the claim filed with the NASD the Petitioner alleged both statutory and common law legal theories of recovery. The effort required to prosecute the case by Petitioner's attorneys was the same regardless of the legal theory, and the time allocable to each legal claim could not reasonably be separated and determined. Petitioner is entitled to attorneys' fees as the prevailing party for his action brought under his Florida statutory claims pursuant to §§ 517.301 and 517.211(6), Fla. Stats., Piretti v. Dean Witter Reynolds, Inc., 578 So. 2d 474, 475-476 (Fla. 4th DCA 1991). Indeed, in the instant case, the arbitrators specifically found that the award was based, inter alia, on a violation of § 517.301, Fla. Stat. Petitioners have proved their case under § 517.301, Fla. Stat.

11. Courts have held that when § 517.301, Fla. Stat. has been violated, "[i]t would be an empty victory for [a claimant] to have prevailed in obtaining redress from her broker who violated the consumer protection provisions of the securities law if she now had to use her recovered investment to pay the fees to her lawyer made necessary by defendant's violation of its statutory duty." Kirchener v. Interfist Capital Corp., 732 So.2d 482 at 484 (Fla. 5th DCA 1999) *approved by* Moser v. Barron Chase Securities, Inc., 783 So.2d 231 at 236 (Fla. 2001).

12. Petitioner prevailed on all significant issues in the NASD Arbitration Proceeding. Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807, 809 (Fla. 1992). A prevailing party for purposes of attorneys' fees is one that "succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Davis v. Prudential Securities, Inc., 59 F.3d 1186, 1195 (11th Cir. 1995); Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

13. The reasonable attorneys' fees of Petitioners' counsel should be determined by the Court in accordance with the criteria established by the Florida Supreme Court in Standard Guaranty

3

Insurance Company v. Quanstrom, 555 So. 2d 828 (Fla. 1990) and Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150-1152 (Fla. 1985).

14. Legal interest on an attorney fee award accrues from the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination, even though the amount of the award has not yet been determined. Using the date of the entitlement as the date of the accrual serves as a deterrent to delay by the party who owes the fees. Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So. 2d 929 (Fla. 1996). Therefore, the Petitioner is entitled to legal interest on her attorneys' fees as of the accrual date of the NASD Award, i.e., June 27, 2005.

15. This Court should confirm the arbitration award and retain jurisdiction in such judgment to determine the amount of attorneys' fees and award additional costs, reasonable post-judgment attorneys' fees and legal interest thereon, if necessary.

**WHEREFORE**, Petitioner requests that this Court confirm the NASD Award and retain jurisdiction to determine the amount of attorneys' fees and costs to which Petitioner is entitled.

Dated this 30th day of June, 2005.

Respectfully submitted,



MICHAEL J. STANTON
Florida Bar No.: 0389463
JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.
4830 W. Kennedy Blvd., Suite 550
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174
Attorneys for Petitioners

4

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

| | |
|---|---|
| **Name of the Claimant** | **Case Number:** 04-04259 |
| Michael Kostoff | |
| | |
| **Names of the Respondents** | **Hearing Site:** Orlando, Florida |
| Vincent Cervone | |
| Yankee Financial, Inc. | |
| Fleet Securities, Inc. | |

Nature of the Dispute: Customer vs. Member and Associated Person.

## REPRESENTATION OF PARTIES

For Michael Kostoff, hereinafter referred to as "Claimant": Theodore M. Davis, Esq., Brooklyn, New York.

For Vincent Cervone, hereinafter referred to as "Respondent Cervone": Timothy Feil, Esq., Finkelstein & Feil, LLP, Garden City, New York.

For Yankee Financial, Inc., hereinafter referred to as "Respondent Yankee": Lawrence R. Gelber, Esq., Brooklyn, New York.

For Fleet Securities, Inc., hereinafter referred to as "Respondent Fleet": David L. Becker, Esq., Davidson & Grannum, LLP., Orangeburg, New York.

## CASE INFORMATION

Statement of Claim filed on or about: June 9, 2004.
Claimant signed the Uniform Submission Agreement: June 9, 2004.
Statement of Answer and Motion to Dismiss filed by Respondent Yankee on or about: July 15, 2004.
Statement of Answer filed by Respondent Fleet on or about: August 3, 2004.
Statement of Answer filed by Respondent Cervone on or about: August 24, 2004.
Respondent Cervone signed the Uniform Submission Agreement: August 24, 2004
Respondent Fleet signed the Uniform Submission Agreement: September 20, 2004.
Respondent Yankee did not file an executed Uniform Submission Agreement.
Motion for Default of Respondent Cervone filed by Claimant on or about: August 25, 2004.
Amended Answer and Motion to Dismiss filed by Respondent Fleet on or about: September 14, 2004.
Motion in Support of Claimant's Amendment to the Statement of Claim with Amended Statement of Claim filed by Claimant on or about: November 5, 2004.
Answer to Amended Statement of Claim filed by Respondent Cervone on or about: November 12, 2004.

**EXHIBIT "A"**

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 2

Opposition to Claimant's Motion to Amend and Reply in Support of Respondent Fleet's Motion to Dismiss filed by Respondent Fleet on or about: November 22, 2004.
Motion to Quash Respondent Fleet's Opposition to Claimant's Amended Statement of Claim filed by Claimant on or about: November 22, 2004.
Response to Claimant's Motion to Quash filed by Respondent Fleet on or about: November 23, 2004.
Answer and Reply to Claimant's Amended Statement of Claim filed by Respondent Yankee on or about: December 6, 2004.
Motion to Quash Respondent Yankee's Tardy Answer to Claimant's Amendment to Statement of Claim filed by Claimant on or about: December 8, 2004.
Response to Claimant's Motion to Quash filed by Respondent Yankee on or about: December 8, 2004.
Motion to Supplement Statement of Claim with Supplement to the Amendment to the Statement of Claim and Motion to Add Richard F. Kresge as a Fourth Respondent filed by Claimant on or about: February 4, 2005.
Opposition to Claimant's Supplemental Motion to Amend the Statement of Claim filed by Respondent Yankee on or about: February 11, 2005.
Motion to Strike Claimant's Statement of Claim filed by Respondent Yankee on or about: February 14, 2005.
Opposition to Claimant's Supplemental Motion to Amend and its Support for Fleet's Motion to Dismiss filed by Respondent Fleet on or about: February 18, 2005.
Motion to Dismiss Damage Claim in Excess of $3,500.00 filed by Respondent Yankee on or about: April 22, 2005.
Claimant's Memorandum Concerning April 29, 2005 Pre-hearing Conference filed on or about: April 28, 2005.
Supplement to Respondent Yankee's Motion to Dismiss Damage Claims in Excess of $3,500.00 filed by Respondent Yankee on or about: May 2, 2005.
Reply to Claimant's Memorandum Concerning April 29, 2005 Pre-hearing Conference filed by Respondent Fleet on or about: May 10, 2005.

## CASE SUMMARY

Claimant asserted the following causes of action: 1) suitability; 2) failure to supervise; 3) negligent misrepresentation; 4) unauthorized trading; 5) churning; 6) *respondeat superior*; 7) fair dealing; and 8) breach of fiduciary duty. The causes of action relate to the purchase and sale of highly speculative shares of stocks including Neomagic Corp., Netmanage Inc., Pointe Communications Corp., Pro-Dex Inc., Cypress Biosciences Inc., and Netcurrents Inc.

Unless specifically admitted in their Answers, Respondents denied the allegations made in the Statement of Claim and asserted various defenses.

## RELIEF REQUESTED

Claimant requested: 1) compensatory damages in the amount of $114,375.10; 2) punitive damages in the amount of $500,000.00; 3) interest; 4) costs; 5) attorneys' fees; and 6) such other and further relief as the undersigned arbitrators (the "Panel") deemed just and proper.

Respondent Cervone requested: 1) dismissal of the claims in all respects, including the claim for punitive damages; and 2) that all disbursements and costs in defending this action be assessed

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 3

against Claimant, including NASD fees and attorneys' fees.

Respondent Yankee requested: 1) dismissal or denial of the claims; 2) reasonable costs, fees and expenses incurred, including NASD costs and surcharges, incidental costs and expenses, and reasonable attorneys' fees in an amount not less than $12,500.00; and 3) such other and further relief as justice and equity require.

Respondent Fleet requested: 1) dismissal of all claims; and 2) costs.

### OTHER ISSUES CONSIDERED AND DECIDED

Respondent Yankee did not file with NASD Dispute Resolution a properly executed Uniform Submission Agreement but is required to submit to arbitration pursuant to the NASD Code of Arbitration Procedure (the "Code") and, having answered the claim, is bound by the determination of the Panel on all issues submitted.

On or about February 24, 2005, the Panel accepted Claimant's Amended Statement of Claim except Claimant's claim on abuse of the elderly.

On or about April 28, 2005, Claimant filed a notice of tentative settlement with Respondent Cervone and request to toll until the settlement terms were complete. At the evidentiary hearing, Claimant confirmed settlement with Respondent Cervone.

On or about May 18, 2005, the Panel denied Respondent Fleet's Motion to Dismiss.

On or about May 31, 2005, Claimant filed a notice of settlement as to Respondent Cervone and released Respondent Cervone as a party to the above-captioned arbitration proceeding.

On or about June 6, 2005, Respondent Yankee notified NASD Dispute Resolution that Claimant and Respondent Yankee had entered into a compromise resolution of this matter and that Respondent Yankee would no longer require the services of the Panel. At the evidentiary hearing, Claimant confirmed settlement with Respondent Yankee.

The Panel: 1) denied Claimant's Motion to Add Richard F. Kreage as a Fourth Respondent; and 2) denied Respondent Yankee's Motion to Dismiss Damage Claims in Excess of $3,500.00.

The parties agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

### AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent Fleet is liable and shall pay to Claimant compensatory damages in the amount of $114,375.10, plus pre-judgment interest that shall accrue at the Florida statutory rate for the period of June 1, 2001 until paid.

07/18/2005 10:13  8133489362  PALM AREA SERVICE  PAGE 09
Case 8:05-cv-01341-JDW-TGW  Document 2  Filed 07/18/05  Page 8 of 16 PageID 12

Jun 27 05 10:28p  The●●●re M Davis,Esq.  718 3●● 7086  p.8
Jun.27. 2005  5:22PM  NASD  No.1045  P. 11/13

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 4

2. Respondent Fleet is liable and shall pay to Claimant punitive damages in the amount of $343,125.30. Punitive damages are awarded pursuant to Sections 517.211(6), 768.72, 786.737 and 768.725, Florida Statutes.

3. The Panel found by the testimony and exhibits presented that Respondent, U.S. Clearing, a division of Fleet Securities, Inc., contracted with Glen Michael Financial/Yankee requiring compliance with the rules of the NYSE and NASD for the handling of customers accounts. They in turn agreed to act as the clearing agent for respondents Glen Michael Financial/Yankee Financial and its broker Vincent Cervone. Under that contract Claimant became a third party beneficiary and Respondent had a duty to monitor the originating brokerage. Under the Florida "Blue Sky" Statutes, the rules and regulations of the Securities and Exchange Act, the clearing contract, and notice to this Claimant to act as the "Back Office" administrator for the former Co-Respondents, Claimant had a right to rely on Fleet for fair dealing. By this, Respondent U.S. Clearing/Fleet, had a duty to be aware of the Claimant's opening documents; and the obvious totally incompatible objectives as filed with the Respondent on a Respondent provided form. Respondent U.S. Clearing/Fleet equally had the duty to be aware of the malfunctioning of the Broker-Dealer Glen Michael Financial/Yankee Financial and Broker Vincent Cervone, and in matter of fact was so aware at all times during the duration of Claimant's Account. The enabling of this combination to continue as Yankee Financial was shown to fall squarely on Respondent U.S. Clearing/Fleet. It was a Fleet agent who, aware of the impending closing for cause of the Glen Michael office, not wishing to lose the business of this brokerage office, knowingly, willfully and wantonly conspired to bring together a successor Broker-Dealer so as to enable the offending Glen Michael Financial to change its' name to Yankee Financial to continue to defraud this Claimant. Throughout the association of U.S Clearing/ Fleet, and the offending Brokerage, Glen Michael Financial/Yankee, its' broker Vincent Cervone, Fleet was aware and under the circumstances had a duty to be aware of the constant churning of Claimant's account in unsuitable and unauthorized investments which is a statutory fraud in the State of Florida under Chapter 517. Indeed the Panel found that Fleet was the major factor in allowing the fleecing of Claimant's brokerage account and joined with the broker and broker-dealer in total violation of, Securities Exchange Act, rule 10b-5, and Florida Statutes 517, where mere negligence is the standard of liability.

4. Respondent Fleet is liable and shall pay to Claimant costs and attorneys' fees in amounts to be determined by a court of competent jurisdiction. Attorneys' fees are awarded pursuant to Chapter 517, Florida Statutes.

5. Any and all relief not specifically addressed herein is denied.

### FEES

Pursuant to the Code, the following fees are assessed:

#### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
The Panel waived the initial claim filing fee in the amount of $375.00.

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 5

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, Respondents Fleet and Yankee are parties and member firms.

Respondent Fleet:
| | |
|---|---|
| Member surcharge | = $ 2,250.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $ 4,000.00 |
| Total Member Fees | = $ 7,000.00 |

Respondent Yankee:
| | |
|---|---|
| Member surcharge | = $ 2,250.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $ 4,000.00 |
| Total Member Fees | = $ 7,000.00 |

### Adjournment Fees

Adjournments granted during these proceedings for which fees were assessed:

There were no adjournment fees assessed during these proceedings.

### Three-Day Cancellation Fees

Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

There were no three-day cancellation fees assessed during these proceedings.

### Injunctive Relief Fees

Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the panel.

There were no injunctive relief fees assessed during these proceedings.

### Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Three (3) Pre-hearing sessions with Panel @ $ 1,200.00 per session | | | = $3,600.00 |
| Pre-hearing conferences: | December 6, 2004 | 1 session | |
| | February 24, 2005 | 1 session | |
| | May 18, 2005 | 1 session | |
| | | | |
| Four (4) Hearing sessions @ $1,200.00 per session | | | = $4,800.00 |
| Hearing Dates: | June 14, 2005 | 2 sessions | |

Jun 27 05 10:30p    Theodore M Davis, Esq.       718 3##7086             p.10
Jun-27. 2005  5:22PM    NASD                                 NO.1040  P. 9/13

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 6

June 15, 2005        2 sessions

| | |
|---|---:|
| Forum Fees | = $8,400.00 |

The Panel has assessed the total forum fees in the amount of $8,400.00 to Respondent Fleet.

**Administrative Costs**
Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

There were no administrative costs incurred during these proceedings.

**Fee Summary**

Respondent Yankee is solely liable for:
| | |
|---|---:|
| Member Fees | = $7,000.00 |
| Total Fees | = $7,000.00 |
| Less payments | = $3,000.00 |
| Balance Due NASD Dispute Resolution | = $4,000.00 |

Respondent Fleet is solely liable for:
| | |
|---|---:|
| Member Fees | = $ 7,000.00 |
| Forum Fees | = $ 8,400.00 |
| Total Fees | = $15,400.00 |
| Less payments | = $ 7,000.00 |
| Balance Due NASD Dispute Resolution | = $ 8,400.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

**ARBITRATION PANEL**

W. A. Westlake              -   Public Arbitrator, Presiding Chairperson
William S. Glickfield, Esq. -   Public Arbitrator
P. David Isenberg           -   Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

_____/s/_____                          June 27, 2005
W. A. Westlake                         Signature Date
Public Arbitrator, Presiding Chairperson


_____/s/_____                          June 27, 2005
William S. Glickfield, Esq.            Signature Date
Public Arbitrator

Jun 27 05 10:31p    Theodore M Davis,Esq.    718 3##7086         p.11
 Jun-27. 2005  5:22PM    NASD                            No.1045  P. 10/13

**NASD Dispute Resolution**
**Arbitration No. 04-04259**
<u>**Award  Page 7**</u>

_____/s/_____                                        <u>June 27, 2005</u>
P. David Isenberg                                        Signature Date
Non-Public Arbitrator

<u>June 27, 2005</u>
Date of Service (For NASD Dispute Resolution use only)

Jun 27 05 10:31p    Theodore M Davis,Esq.        718 3██7088            p.12
    Jun. 27. 2005  5:22PM    NASD                                 No.1040   P. 11/13

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 6

                          June 15, 2005      2 sessions

Forum Fees                                                    = $8,400.00

The Panel has assessed the total forum fees in the amount of $8,400.00 to Respondent Fleet.

**Administrative Costs**
Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

There were no administrative costs incurred during these proceedings.

**Fee Summary**

Respondent Yankee is solely liable for:
| | |
|---|---|
| Member Fees | = $7,000.00 |
| Total Fees | = $7,000.00 |
| Less payments | = $3,000.00 |
| Balance Due NASD Dispute Resolution | = $4,000.00 |

Respondent Fleet is solely liable for:
| | |
|---|---|
| Member Fees | = $ 7,000.00 |
| Forum Fees | = $ 8,400.00 |
| Total Fees | = $15,400.00 |
| Less payments | = $ 7,000.00 |
| Balance Due NASD Dispute Resolution | = $ 8,400.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

                          **ARBITRATION PANEL**

W. A. Westlake              -   Public Arbitrator, Presiding Chairperson
William S. Ghialfield, Esq. -   Public Arbitrator
P. David Isenberg           -   Non-Public Arbitrator

Concurring Arbitrators' Signatures

*[signature]*

W. A. Westlake                                  _____
Public Arbitrator, Presiding Chairperson        Signature Date


_____                                _____
William S. Ghialfield, Esq.                     Signature Date
Public Arbitrator

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 6

June 15, 2005        2 sessions

| | |
|---|---|
| Forum Fees | − $8,400.00 |

The Panel has assessed the total forum fees in the amount of $8,400.00 to Respondent Fleet.

**Administrative Costs**
Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters, and security.

There were no administrative costs incurred during these proceedings.

**Fee Summary**

Respondent Yankee is solely liable for:
| | |
|---|---|
| Member Fees | − $7,000.00 |
| Total Fees | = $7,000.00 |
| Less payments | = $3,000.00 |
| Balance Due NASD Dispute Resolution | = $4,000.00 |

Respondent Fleet is solely liable for:
| | |
|---|---|
| Member Fees | = $ 7,000.00 |
| Forum Fees | = $ 8,400.00 |
| Total Fees | = $15,400.00 |
| Less payments | = $ 7,000.00 |
| Balance Due NASD Dispute Resolution | = $ 8,400.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

### ARBITRATION PANEL

| | |
|---|---|
| W. A. Westlake | - Public Arbitrator, Presiding Chairperson |
| William S. Glickfield, Esq. | - Public Arbitrator |
| P. David Isenberg | - Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

_____
W. A. Westlake
Public Arbitrator, Presiding Chairperson

Signature Date

*William S. Glickfield* [signature]
William S. Glickfield, Esq.
Public Arbitrator

6-27-05
Signature Date

Jun 27 05 10:32p   Theodore M Davis,Esq.   718 3██ 7086   p.14
Jun.27. 2005  5:23PM   NASD   No.1045  P. 13/13
Jun.27. 2005  11:55AM   NASD   No.1017  P. 8/8

NASD Dispute Resolution
Arbitration No. 04-04259
Award Page 7

_[signature]_         6/07/05
P. David Iserberg        Signature Date
Non-Public Arbitrator

_____
Date of Service (For NASD Dispute Resolution use only)

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH )

THIS IS TO CERTIFY THAT THE FOREGOING IS A
TRUE AND CORRECT COPY OF THE DOCUMENT ON
FILE IN MY OFFICE. WITNESS MY HAND AND
OFFICIAL SEAL THIS ___ DAY OF July 20 05.

PAT FRANK, CLERK
BY _[signature]_ D.C.

IN THE CIRCUIT COURT OF THE
13th JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

MICHAEL KOSTOFF,

    Plaintiff,

Vs.

FLEET SECURITIES, INC,

    Defendant.
_____/

CASE NO.:05-CA-005715

## NOTICE OF FILING OF DEFENDANT'S NOTICE OF REMOVAL

Defendant, Fleet Securities, Inc., by its attorneys and pursuant to 28 U.S.C. § 1446(d), hereby provides notice that on July 18, 2005, it filed in the United States District Court for the Middle District of Florida, Tampa Division, Defendant's Notice of Removal of this action. A copy of Defendant's Notice of Removal is attached hereto as Exhibit "A".

Pursuant to 28 U.S.C. § 1446(d), the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, shall proceed no further with the case captioned in this Court as Case No. 05-CA-005715 unless and until the case is remanded.

Respectfully submitted this 18th day of July, 2005.

                                          LAWRENCE J. PHALIN
                                          Florida Bar Number 128922
                                          Mateer & Harbert, P.A.
                                          225 East Robinson Street, Suite 600
                                          Post Office Box 2854
                                          Orlando, Florida 32802-2854
                                          Telephone: (407) 425-9044
                                          Facsimile: (407) 423-2016
                                          Attorneys for Fleet Securities, Inc.



1

H:\Hanebrink J\Fleet Securities, Inc\Notice of Filing of Defendant's Notice of Removal.doc

Of Counsel:
Joel E. Davidson, Esquire
Nancy E. Campanozzi Esquire
Florida Bar No. 0499341
Davidson & Grannum, LLP
30 Ramland Road, Suite 201
Orangeburg, New York 10962
Telephone: (845) 365-9100
Facsimile: (845) 365-9190

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via regular U.S. Mail, postage prepaid, and via facsimile to (813) 286-4174, to Michael J. Stanton, Esq., James, Hoyer, Newcomer & Smiljanich, P.A., One Urban Centre, Suite 550, 4830 West Kennedy Boulevard, Tampa, Florida 33609-2517, this 18th day of July, 2005.

LAWRENCE J. PHALIN